Eli Ayres and Thomas N. Niles, Complainants on cross-bill, Appellants, *v.* Hiram Carver, Joseph W. Matthews, James Brown, Jacob Thompson, John P. Jones, William H. Duke, and John D. Bradford.

Where a complainant filed a bill in chancery against numerous defendants, seven of whom were selected by the court to represent the rest; and after these seven had answered the bill, two of them filed a cross-bill against the original complainant, and also against all their co-defendants, an appeal from a decree dismissing this cross-bill, will not lie to this court. It must be dismissed for want of jurisdiction.

Ayres et al. *v.* Carver et al.:

The two defendants who filed the cross-bill against the original complainant, and also against their co-defendants, claim the land in dispute by a paramount title. The complainant has nothing to do with a dispute between the defendants, nor can this properly be considered a cross-bill.

A decree dismissing this bill cannot be considered as a final decree in the suit. It will come up for review, like any other interlocutory proceeding, if upon a final decision the case should be brought up, by appeal, to this court.

This was an appeal from the district court of the United States for the northern district of Mississippi.

The facts are stated in the opinion of the court.

It was argued by *Mr. Adams* for the appellants, and by *Mr. Cushing*, for the appellees.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the district court of the United States for the northern district of Mississippi.

A bill was filed by Hiram Carver, of the State of Alabama, against Joseph W. Matthews, of Mississippi, and some two hundred others, part of them residents of this State, part of Tennessee, but most of them without any residence mentioned, setting forth the treaty made with the Chickasaw tribe of Indians, at Pontotoc Creek, in 1832, confirmed in 1833, by which said tribe ceded to the government all their lands east of the Mississippi River; and also a treaty with the same tribe, 24th May, 1834, confirmed 1st July, the same year, modifying the provisions of the first one; which treaties provided for certain reservations of land to be granted in fee to the heads of Indian families; and for the survey and sale of the residue, as in the case of other public lands, with this difference: that the lands remaining undisposed of at public sale, should be liable to private entry, at one dollar and twenty-five cents per acre for the first year thereafter; at one dollar the second; at fifty cents the third; at twenty-five cents the fourth, and thereafter at twelve and a half cents per acre.

The bill further states, that down to January, 1843, there remained subject to private entry, at twelve and a half cents per acre, several tracts of land particularly set forth in a schedule annexed; and that on that day the complainant offered to purchase, at the land-office, all the lands described in the aforesaid schedule, at the price of twelve and a half cents per acre; and, for this purpose, made an application to A. J. Edmondson, the register of said land-office, but that the said register illegally refused to permit him to make the said purchase; that he also tendered to J. F. Wray, the receiver, the amount of the purchase-money for the tracts he had thus applied to enter, but that he refused to receive the money or issue the proper certificates.

Ayres et al. *v.* Carver et al.

The complainant further states, that since his application, as above set forth, the register and receiver have permitted the defendants to enter and purchase the several tracts, in sections and subdivisions, and at the times mentioned in the schedule above referred to ; and charging that the said defendants had notice of the rights and equities of the complainant at the time.

The complainant then prays to make all the defendants, before enumerated, parties to the bill, and as they are very numerous, that the court will designate a small portion of them to represent the whole body, and upon whom personal service of the subpœna shall be made. And further, that the several entries and purchases made by the defendants be set aside ; and that the complainant be permitted to enter and purchase the several tracts at the price of twelve and a half cents per acre, or that the defendants be decreed to convey the same to the complainant, and to deliver up the possession.

It appears from the record, the court, on the application of the complainant, ordered that the cause should proceed against seven of the defendants, James Brown, Jacob Thompson, John P. Jones, William H. Duke, John D. Bradford, Thomas N. Niles, and Eli Ayres, and upon whom process was afterwards served, and who appeared in said cause.

Separate answers were put in by these defendants, setting forth the entry and purchase at private sale from the register and receiver of the several portions of the tract claimed by each of them, and also patents for the same from the government. To which answers replications were filed.

It further appears from the record, that at this stage of the proceedings, Thomas N. Niles and Eli Ayres, two of the defendants, filed a cross-bill against the complainant, Carver, and all of their numerous co-defendants, setting forth the substance of the original bill, and then charging that they had obtained a title to the several tracts in controversy, or to portions of them, long prior to the title claimed by their co-defendants, setting forth also particularly the source of title. They pray that this cross-bill may be heard at the same time with the original bill of Carver, and that any claim he may set up to the several tracts of land claimed by them in the cross-bill, may be set aside and annulled ; also, that the other defendants to the cross-bill be required to produce their patents to any and all of the lands claimed by them, that they may be cancelled, and that possession be delivered to the complainants.

It further appears from the record, that afterwards the complainants moved the court that the five co-defendants, who had appeared in the original bill, and the complainant in that bill, be made defendants to represent the other defendants mentioned,

as they are so numerous as to render it inconvenient to make all of them parties to the suit; which motion was granted.

These defendants were afterwards personally served with process, or appeared in the cause, and demurred to the cross-bill; which demurrer was sustained by the court, and the bill dismissed. The case is now before us on an appeal from this decree.

It will have been seen from the brief reference to the original bill in this case, that Carver, the complainant, sought to establish an equitable title to large tracts of the public lands, which had been laid off in townships, ranges, and sections, situate in the State of Mississippi; having offered to comply, as he alleges, with the law providing for the entry and purchase at private sale, of the several tracts, but was prevented from making the entries and from obtaining the necessary certificates, by the illegal and unwarranted acts of the register and receiver at the land-office. The bill is filed against the defendants, who had subsequently entered and paid for the land, obtained the necessary certificates, and upon which patents have since been issued.

The defendants are alleged to be very numerous, and for this reason the court below dispensed with the necessity of making all of them parties; and directed that their interests should be represented by some seven of them, on whom process was directed to be served.

Without intending to express any definitive opinion in this matter, we must say that it is difficult to see any interest or estate in common among these several defendants, that would authorize the rights of the absent parties to be represented in the litigation by those upon whom process has been served, and who have appeared to defend the suit. Their title to the land claimed by the complainant is separate and independent, without any thing in common, it would seem, that could have the effect to make a decree against one binding upon the others, or even require them to join in the defence. Smith et al. *v.* Swormstedt et al. 16 How. 288. We do not intend, however, to pursue this branch of the case.

As it respects the cross-bill, it may be proper to observe that the matters sought to be brought into the controversy between the complainants in that, and their co-defendants, do not seem to have any connection with the matters in controversy with the complainant in the original bill. Nor is it perceived that he has any interest or concern in that controversy. These two complainants in the cross-bill set up a title to the lands in dispute, which, they insist, is paramount to that of their co-defendants, and seek to obtain a decree to that effect, and to have the possession delivered to them. This is a litigation exclusively between these parties, and with which the complain-

Ayres et al. *v.* Carver et al.

ant in the original bill should not be embarrassed, or the record incumbered. The same matter has been set up in their answer to the original bill, against the equitable title claimed by the complainant, presenting the only issue in which he is interested, and upon which the questions between them can be heard and determined.

A cross-bill is brought by a defendant in a suit against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill. It is brought either to obtain a discovery of facts, in aid of the defence to the original bill, or to obtain full and complete relief to all parties, as to the matters charged in the original bill.

It should not introduce new and distinct matters not embraced in the original bill, as they cannot be properly examined in that suit, but constitute the subject-matter of an original, independent suit. The cross-bill is auxiliary to the proceeding in the original suit, and a dependency upon it.

It is said by Lord Hardwicke, that both the original and cross-bill constitute but one suit, so intimately are they connected together. Field *v.* Schieffelin, 7 J. Ch. R. 252.

The office of a cross-bill has been very fully discussed at this term, by Mr. Justice Curtis, in the case of Victoire Shields et al. *v.* Barrow; and I need not, therefore, pursue it, but refer only to that opinion for the true doctrine on the subject.

It is manifest, from this brief reference to the doctrine, that any decision or decree in the proceedings upon the cross-bill is not a final decree in the suit, and, therefore, not the subject of an appeal to this court, under the 22d section of the judiciary act. The decree, whether maintaining or dismissing the bill, disposes of a proceeding simply incidental to the principal matter in litigation, and can only be reviewed on an appeal from the final decree disposing of the whole case. That appeal brings up all the proceedings for reëxamination, when the party aggrieved by any determination in respect to the cross-bill has the opportunity to review it, as in the case of any other interlocutory proceeding in the cause.

For these reasons, the appeal in this case must be dismissed, for want of jurisdiction, and the case remanded to the court below.

Mr. Justice CATRON concurred in the judgment, but dissented from the reasoning.

Mr. Justice CATRON.
In this instance, the bill and cross-bill are but one suit, and

ought regularly to have been heard at the same time; and if an appeal was prosecuted from the decree to this court, by any party who supposed himself to be aggrieved, the whole suit would necessarily be brought up.

Here the, cross-bill was heard and dismissed, pending the original suit of which it was part. The decree pronounced was partial; and as no appeal lies from any but a final decree, and this decree not being final, the consequence is, that this court has no jurisdiction to examine the merits presented and insisted on in the argument. All that we can properly do is to dismiss the appeal, because it brought up nothing. Now, as to the matters discussed in the opinion just delivered, founded on a copy of the proceedings had below, and filed in this court, I can only say that I have no opinion in regard to them, never having even read the record further than to ascertain that this court had no jurisdiction in the supposed case presented to us. I therefore concur in the judgment that the case shall be dismissed, for want of jurisdiction, without going further.

### *Order.*

This cause came on to be heard on the transcript of the record from the district court of the United States for the northern district of Mississippi, and was argued by counsel. On consideration whereof it is now here ordered, adjudged, and decreed by this court, that this cause be and the same is hereby dismissed, for the want of jurisdiction.