SOWLES v. FIRST NAT. BANK OF PLATTSBURG et al.

(Circuit Court, D. Vermont. March 21, 1900.)

EQUITY JURISDICTION—REMEDY AT LAW—STATUTORY PROVISIONS.

A federal court of equity is not deprived of jurisdiction of a suit to establish a set-off by the fact that a state statute permits a set-off to be pleaded in an action at law.

In Equity. On demurrer to bill.

Edward A. Sowles, for plaintiff.
David J. Foster, for defendant.

WHEELER, District Judge. The bill well alleges that the plaintiff purchased a judgment of the defendant bank against Edward A. Sowles and D. Noyes Burton of $3,097.27 for half of what she could collect upon it, and that she secured the whole of it by attachment on mesne process in a suit upon it in the name of the bank; that she indorsed four notes of Edward A. Sowles, previously indorsed by Margaret B. Sowles, his wife, of $800 each, for their accommodation, which were delivered to the bank in settlement of other claims than the judgment of the bank against him; that the bank has discharged the defendants from the suit on the judgment for $300; that the bank has brought suit in this court against her on three of the notes; and it prays a set-off of what she has been deprived of by the discharge, and an injunction against prosecuting the suit for more than the balance. The bill has been demurred to by the bank, and the cause heard. If the allegations of

the bill are true (and they must be so taken on the demurrer), the plaintiff has a just claim against the bank for what she has lost by the discharge of the judgment in violation of the implied contract, not to interfere with her collection of it; and, if she lost half of the whole, with interest, it would nearly or quite equal the amount of the three notes in suit. It is argued for the defendant that she has an adequate remedy at law by plea in offset in the action upon the notes under the statutes of the state. But set-offs in equity are older than any statutes of offsets, and decreeing them in cases of strict mutuality, even, has long been a good ground of jurisdiction. Blake v. Langdon, 19 Vt. 485. State statutes do not deprive courts of the United States of jurisdiction in equity, even if by providing a remedy at law they would a state court. Demurrer overruled. Defendant to answer over by May rule day.