**A. O. ANDERSEN & CO., Inc., v. SUSQUEHANNA S. S. CO., Inc.**

(District Court, E. D. Virginia. October 21, 1921.)

1. **Admiralty ⚖══36—Counterclaim must arise out of same subject-matter.**

While courts of admiralty afford relief to defendants properly impleaded before it having as a defense counterclaim, or recoupment, the transaction so sought to be litigated must depend on and arise out of the maritime undertaking which is the subject-matter of the original litigation.

2. **Admiralty ⚖══6—Mere fact that ship is involved does not give admiralty jurisdiction.**

The mere fact that a ship is involved, or that transactions in litigation relate to matters connected with or in which a ship may have been used, will not enable one to procure relief either originally in a court of admiralty or to set the same up as a defense in a cause properly pending therein.

In Admiralty. Libel by A. O. Andersen & Co., Inc., against the Susquehanna Steamship Company, Inc., for breach of charter party. Decree for libelant.

Duncan & Mount, of New York City, and Baird, White & Lanning, of Norfolk, Va., for libelant.

Cass & Apfel, of New York City, and Hughes, Little & Seawell, of Norfolk, Va., for respondent.

WADDILL, Circuit Judge. This is a libel in personam, with "foreign attachment," against the respondent to recover damages for alleged breach of contract of charter party, entered into between the libelant, as agent, under authority from the owners of the steamship Lydia, and the respondent, on the 29th day of December, 1919, whereby the steamship Lydia was let to the Susquehanna Steamship Company, Inc., to transport a cargo of sugar from "one or two north side ports, or one or two south side ports of Cuba (charterer's option) to either Rotterdam or Amsterdam, Holland, one port of discharge (charterer's option)." The third paragraph of said charter party is as follows:

"3. And to pay to A. O. Andersen & Co., Inc., in United States gold coin, or its equivalent, at New York, N. Y., ten (10) days after receipt of master's cable advice that vessel has loaded and bills of lading had been signed, free of discount, commission, or insurance to said party of the first part or agent, for the use of the vessel during the voyage aforesaid, thirty dollars ($30.00) net per ton of 2,240 lbs. bill of lading weight. Susquehanna Steamship Company bill of lading form No. 226 to be used in connection with this shipment."

Under the terms of this charter party, the Lydia was tendered to the respondent on the 7th of February, 1920, and finished loading her cargo of 4,928 tons of sugar on the 15th of February, 1920. The libelant was duly advised by the ship's master of the loading of the ship and the issuance of bills of lading according to the provisions of the charter party, of which fact the libelant, on the 16th of February, notified the respondent, and that the freight hire of $147,867.45 would be due and payable to the libelant under the terms of the charter of February 26, 1920. Upon failure to pay the amount after due demand therefor, this libel was filed; the libelant suing out an attachment, which

⚖══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was levied upon the steamship Susquehanna, owned by the respondent, found within the jurisdiction of this court.

There seems to be no dispute on the facts as to the execution of the charter party, the loading of the cargo, and transportation of the sugar, and of the failure to pay the freight to the libelant, as demanded, and these facts were substantially admitted by the answer, which, however, set up affirmative matter briefly as follows: That the owner of the Lydia had chartered her to one Grotios on September 12, 1919, for six months; that the libelant guaranteed the hire, and later repudiated its obligation; that thereupon the Lydia Steamship Company, Inc., and the libelant, on the 29th of November, 1919, agreed that the libelant should assume the Grotios charter, and the ship was delivered under this agreement; that the libelant failed to disburse the ship as required, and to pay her hire, and turned her back to the Lydia Steamship Company, Inc., before the libel was filed, and before that time the Lydia Steamship Company, Inc., assigned its claim to respondent; that the Lydia was owned by the Lydia Steamship Company, Inc., and that that company and the respondent company were principally owned by Joseph and Frank Auditore, they being the principal stockholders and officers in both companies. The pleadings set forth other matter, but the same is in amplification or repetition of the above facts.

The libelant excepted to the sufficiency of the answer, and insisted that, under the undisputed testimony and plain terms of the charter, the sum sued for was due, and the libelant was entitled to a decree therefor, and that, under the admitted facts, the equitable defense interposed in the nature of set-off could not be maintained in admiralty, it clearly appearing that the Lydia Steamship Company's alleged claim arose under other and different contracts or undertakings than the one in suit, and between different parties; that the charter party upon which the libelant sues in this case was wholly independent of the transactions sought to be injected herein, and under it the services contracted for having been rendered, and the freight money not paid, the defense sought to be interposed constituted no valid answer to the libelant's demand. The exceptions to the answer were therefore sustained (W. R. Grace & Co. v. Luckenbach S. S. Co. [D. C.] 248 Fed. 953, 258 Fed. 49, affirmed [C. C. A.] 267 Fed. 676), with leave to answer over. This was the conclusion reached by the United States District Court for the Southern District of New York, where a suit between the same parties as here and Frank and Joseph Auditore as individuals, to recover the same freight money, was also instituted. 275 Fed. 355. Judge Learned Hand in that case filed a written opinion, giving reasons for his decision. Pursuant to leave granted herein, on the overruling of the exceptions, the respondent filed an amended answer, setting up substantially the same defense as before, and, among other things, that the libelant, in chartering the Lydia to respondent company, acted on behalf of the Lydia Steamship Company, Inc., and had only a revocable license to act for that company in the hire of said ship, and that prior to the institution of this suit the libelant by its own acts had terminated the agency with the steamship company, including its right, license, or privilege to col-

lect the money sued for herein, and that the Lydia Steamship Company had likewise revoked said agency, including the right to collect the charter hire in question. The answer further averred that the entire balance of the charter hire claimed by the libelant had been fully paid and discharged and accounted for by the respondent to the Lydia Steamship Company, Inc., and that no part of the hire for the ship remained unpaid.

[1] The case was submitted to the court on the merits, and pleadings, proofs, and documentary evidence offered, and interrogatories to the respondent company and answers thereto, and the court's judgment is that the defense set up in the amended answer is substantially the same as that interposed to the original answer, and as to which libelant's exceptions were sustained, and that the same does not constitute a valid defense to this action. As a set-off the defense interposed to the payment of libelant's claim cannot be pleaded in a court of admiralty. The statutory authority authorizing such pleas applies only to courts of common law and equity, and not to courts of admiralty. Willard v. Dorr, 3 Mason, 161, Fed. Cas. No. 17,680; O'Brien v. 1,614 Bags of Guano (D. C.) 48 Fed. 726, 729, 730; Emery Co. v. Tweedie Trading Co. (D. C.) 143 Fed. 144; Benedict's Admir. (4th Ed.) § 392, and cases cited; Hughes, Admir. (2d Ed.) p. 412, § 200, and cases cited. Neither can the respondent's defense by way of recoupment or counterclaim, attempted to be pleaded to defeat the libelant's right of recovery, be interposed; for, while courts of admiralty afford relief to those properly impleaded before it, having such defense, still the transactions so sought to be litigated must depend upon and arise out of the maritime undertaking, the subject-matter of the original litigation. Bowker v. United States, 186 U. S. 135, 140, 141, 22 Sup. Ct. 802, 46 L. Ed. 1090; United Trans. Co. v. N. Y. & B. Tr. Line (C. C. A. 2d Cir.) 185 Fed. 386, 107 C. C. A. 442; Howard v. 9,889 Bags of Malt (D. C.) 255 Fed. 917, 918; Benedict's Admir. (4th Ed.) § 392, and cases cited; Hughes, Admir. (2d Ed.) p. 412, § 200, and cases cited.

The alleged cause of action sought to be affirmatively brought in this case, would extend this simple suit to collect unpaid freight money into endless litigation, involving the rights of a third party not before the court, which in no manner bears upon whether the freight money sued for is due and owing by the respondent under the charter party in suit. On the contrary, it relates to the rights and liabilities of the libelant and such third party, the Lydia Steamship Company, Inc., arising out of contracts and agreements entered into between them in relation to the steamship Lydia, antedating the charter party in suit. To permit the bringing in of these matters would not only result in endless confusion, and necessarily cause great delay, but set a precedent that would seriously impede courts of admiralty in affording prompt relief to litigants in cases where time is of the utmost importance.

[2] Moreover, it may be seriously questioned whether the relief sought can be afforded in an admiralty court. Assuming that the respondent's claims are meritorious, they seem to relate to mere partnership or common-law agreements of agency, and the settlement of

accounts thereunder. The bare fact that a ship is involved, or that the transactions relate to matters connected with, or in which a ship may have been used, will not enable the respondent to procure relief, either originally, in a court of admiralty, or to set the same up as a defense in a cause properly pending therein. Ward v. Thompson, 22 How. 330, 16 L. Ed. 249; Minturn v. Maynard, 17 How. 477, 15 L. Ed. 235; Hughes, Admir. (2d Ed.) §§ 6, 7, pp. 20, 21. What the respondent is in effect attempting to do here is that, confessedly owing freight money for which it is sued under the plain terms of the charter party in suit, it has seen fit to procure assignments of disputed claims against the libelant from third parties, growing out of other transactions between the libelant and such third parties, and is endeavoring to defeat libelant's recovery by use of those disputed claims. In a word, with a lawsuit on hand, it has bought up another, with which it is seeking to offset the former, with no good reason to warrant such action, unless it be that the corporation making the assignment and the respondent corporation have a common stock ownership. Surely this cannot be the case.

In conclusion, the court's opinion is that, as well upon the facts as under the law, the libelant is entitled to recover against the Susquehanna Steamship Company, Inc., for the amount sued for. A decree to that effect will be entered on presentation.