### SUSQUEHANNA S. S. CO., Inc., v. A. O. ANDERSON & CO., Inc.

(Circuit Court of Appeals, Fourth Circuit. June 15, 1925.)

No. 1959.

1. **Admiralty ⬅36—Court had no jurisdiction to consider set-off or counterclaim on libelant's guaranty.**

In libel in personam to recover for charter hire, court had no jurisdiction to consider a set-off, recoupment, or counterclaim which arose from the alleged guaranty by libelant, of undertakings of prior charterer, claim for which had been assigned to respondent.

2. **Admiralty ⬅41—One authorized to handle vessel entitled to sue for charter hire under its charter.**

Where shipowners, claiming libelant had guaranteed undertakings of charterer who had defaulted, gave libelant right to handle vessel according to its judgment for benefit of whom it might concern, libelant held entitled to maintain suit for charter hire under charter made by it, notwithstanding there was to be subsequent accounting with owner.

Appeal from the District Court of the United States for the Eastern District of

Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Libel in personam by A. O. Anderson & Co., Inc., against the Susquehanna Steamship Company, Inc. Decree for libelant (275 F. 989), and the respondent appeals. Affirmed.

Charles R. Hickox, of New York City (Hughes, Little & Seawell, of Norfolk, Va., Cass & Apfel, of New York City, Henry H. Little, of Norfolk, Va., and Alvin C. Cass, of New York City, on the brief), for appellant.

H. S. Hertwig, of New York City, and Edward R. Baird, Jr., of Norfolk, Va. (Duncan & Mount, of New York City, Baird, White & Lanning, of Norfolk, Va., and John A. McManus, of New York City, on the brief), for appellee.

Before WOODS and ROSE, Circuit Judges, and MEEKINS, District Judge.

ROSE, Circuit Judge. The appellee here, A. O. Anderson & Co., Inc., was libelant below, and the Susquehanna Steamship Company, Inc., the appellant, was respondent. They will be referred to by the positions they occupied in the lower court.

By means of a libel in personam with a clause of foreign attachment, the libelant, a New York corporation, sought to recover from the respondent charter hire or charter freight for the steamship Lydia, under a charter dated December 29, 1919. By that instrument, respondent promised to pay to the libelant the hire, in United States gold coin, or its equivalent, in New York, ten days after the receipt of master's cable advice that the vessel was loaded and that bills of lading had been signed. It is admitted that the charter party was made; that, in accordance with its terms, the Lydia was put at the service of the respondent; that the charter hire or freight amounting to $147,867.45 became due and payable on February 26, 1920, and was not paid to the libelant. In the court below, a decree in favor of the libelant and against the respondent was duly entered for that amount, with interest.

It appears that at and before the making of the charter there were two legally distinct corporations—the respondent and the Lydia Steamship Company, Inc.—both of which were, however, solely owned and altogether controlled by the same two individuals. In September, 1919, the Lydia Steamship Company had made a six months' time charter of its ship to one Crotois, who was to pay nearly $60,000 a month for it. In November he defaulted, and the Lydia Steamship Company had its ship back on its hands. It claimed, and the libelant denied, that the latter had guaranteed the undertakings of Crotois, and was therefore bound to pay the charter hire which he had promised but had not paid. In a mutual effort to minimize the loss, it was agreed that without prejudice to the contentions of either the Lydia Steamship Company or the libelant, the ship should for the remainder of the six months, beginning September 27, 1919, be delivered to the libelants who were to have the right to handle her and trade her for the benefit of whom it might concern, in any way that would, according to the libelant's judgment, work to the best advantage. It was under the authority thus given that libelant made the charter here in suit.

[1] The respondent asserts that the Lydia Steamship Company has assigned to it its claims against the assignee and that these greatly exceed the amount of the charter freight it, the respondent, promised to pay the libelant. In a full and satisfactory opinion (275 F. 989), the learned court below held that the admiralty had no jurisdiction to consider this defense, based as it was upon a set-off, recoupment, or counterclaim, not depending upon or arising out of a maritime undertaking which was the subject-matter of the libel. It cited, in support of this view, Willard v. Dorr, Fed. Cas. No. 17,680; O'Brien v. 1,614 Bags of Guano (D. C.) 48 F. 726, 729, 730; Emery Co. v. Tweedie Trading Co. (D. C.) 143 F. 145; Benedict's Admiralty (4th Ed.) § 392; Hughes' Admiralty (2d Ed.) § 200; Bowker v. U. S., 186 U. S. 136, 22 S. Ct. 802, 46 L. Ed. 1090; Howard v. 9,889 Bags of Malt (D. C.) 255 F. 917, 918; United Transp. & L. Co. v. N. Y. & B. Tr. Line, C. C. A. 2nd Circuit, 185 F. 386, 107 C. C. A. 442. The same conclusion had been previously reached by Judge Learned Hand upon an earlier libel, filed by the libelant against the respondent in the Southern District of New York. We have been favored with a copy of his opinion, although it does not, we believe, appear in the Federal Reporter. In Susquehanna Steamship Co., Inc., v. A. O. Anderson & Co. Inc. (C. C. A.) 275 F. 355, the same judge, sitting on another side of the court, subsequently declined to entertain a bill in equity to enjoin the prosecution of the suit in admiralty because of the existence of cross-claims which could not be pleaded in the admiralty suit.

We are satisfied that Judges Waddill and Hand were right, and indeed we do not understand that the respondent now seriously questions the accuracy of the conclusion at which they arrived, provided the libelant has, as respondent says it has not, such an interest in the moneys to be paid under the charter party as entitled it to sue for them. The charter party recites that it was made "between A. O. Anderson & Co., Inc., as agents for the good American S. S. Lydia" and the respondent. The libelant signed it as "A. O. Anderson & Co., Inc., V. Reimann, vice president and general manager, agents." If nothing more appeared, it might well be held that the libelant was not personally bound by the charter, and therefore presumably was not entitled in its own right to recover under it. Universal Steam Navigation Co., Ltd., v. James McKelvie & Co., 1923 Appeal Cases 492. In the admiralty, however, the party entitled to relief should always be made libelant. Fretz v. Bull, 12 How. 466, 13 L. Ed. 1068.

[2] From the facts already set forth, the libelant was, during the time covered by this charter party, expressly given the right by the owner to handle the vessel and trade her according to its own judgment. Under this authority, it was clearly intended that the libelant should charter the ship, if it could. It is true that this was to be done for the benefit of whom it may concern, but, according to the contention of the owner, the person chiefly concerned was the libelant. Express authority was given to the libelant to collect the charter hire. It is true there was to be a subsequent accounting between it and the owner into which accounting the money so received by it was to be brought, but those facts did not in any way lessen the right or indeed impair its duty to make the collection in the first instance. It is not without significance that the charter party provides for the payment of the hire to "A. O. Anderson & Co., Inc.," "at New York" without, in that connection, describing them as agents or otherwise limiting their absolute right to demand the money and to give due acquittance for it.

Under these circumstances, the court below was right in holding that libelant was entitled to maintain its suit. If the libelant is able to pay any judgment or decree which may be recovered against it by the respondent as assignee of the Lydia Steamship Company in the suit brought against it by the respondent in a state court of New York and still there depending, no harm can possibly result from the necessary affirmance by us of the decree below. If, as was suggested in the argument before us, the libelant is now insolvent, the respondent will have time before our mandate goes down to consider whether there is anything it can do to protect itself against the possibility that, after paying the large decree in this case, it may be unable to realize upon any judgment it may recover in New York, and thereby will fail to turn to its advantage the claims against the libelant assigned to it.

However that may be, it remains obvious that the decree below was right and must be affirmed.