## STANDARD OIL CO. OF NEW JERSEY v. UNITED STATES.

## NATIONAL BULK CARRIERS, Inc. v. THE GEORGE W. BARNES et al.

## THE GEORGE W. BARNES.

## THE PAN VIRGINIA.

United States District Court
S. D. New York.
April 1, 1948.

Decree Modified April 18, 1949.

Kirlin, Campbell, Hickox & Keating, of New York City (Raymond T. Greene, Ira A. Campbell and Eugene F. Gilligan, all of New York City, of counsel), for Standard Oil Co. and another.

John F. X. McGohey, U. S. Atty., and Hunt, Hill & Betts, of New York City, (G. W. Betts, Jr. and H. Tuohy, both of New York City, of counsel), for the United States.

Barry, Wainwright, Thacher & Symmers, of New York City (J. M. Brush, of New York City, of counsel), for National Bulk Carriers, Inc., Owner of SS Pan Virginia.

Nicholas J. Healy, III, of New York City, for United States Navy.

CLANCY, District Judge.

In November, 1943 Standard Oil Company of New Jersey, owner of the Barnes, libelled the Pan Virginia with which the Barnes had collided on November 4, 1943 and the United States of America, as owner of a third vessel, the Liveley, which it alleged had contributed to the causing of the collision. Later in November of 1944 the National Bulk Carriers answered as respondent and as claimant of the Pan Virginia. Its answer comprises a statement of facts and the conclusion that the Liveley had been negligent as well as the Barnes and asked that the libel be dismissed as to itself and its vessel and for such other and further relief as it might be entitled to receive.

In March 1946 the National Bulk Carriers, Inc., as owner of the Pan Virginia cross-libelled the Barnes, alleging its liability for the damage suffered by the Pan Virginia. In May, 1946 Standard Oil Company of New Jersey filed an impleader petition and cross-libel asserting that any damage alleged in the cross-libel of National Bulk Carriers, Inc. was not caused by its vessel, the Barnes, and that the United States as owner of the Liveley, pursuant to the 56th Admiralty Rule, 28 U.S. C.A. ought to be proceeded against for the damages alleged to have been sustained by the cross-libellant. The United States answered the impleading petition setting up among other things the defense of the statute of limitations. 46 U.S.C.A. § 745.

The fact issues have been decided and judgment awarded the libellant for its damages against the owners of both the Pan Virginia and the Liveley. Now National Bulk Carriers, Inc. asks judgment for half the damage suffered by the Pan Virginia since the Liveley's negligence was found to be a contributing factor in the causation of the collision. It says that the United States was always a party to the action instituted by the libellant for collision damages to its vessel and "the subject matter of a suit for damages in collision is not the vessel libeled but the collision." United

States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888.

 The matters set up in Pan Virginia's answer were addressed to the libellant's claim only and intended to negative libellant's claim against the Pan Virginia and the prayer for further relief in that answer will not bear the construction that relief of any kind whatever against the United States was ever remotely suggested. It is established law that a claim for an affirmative recovery against a libellant, much less a claim against another party thought liable for libellant's damage, must be set up by a pleading. Bowker v. United States, 186 U.S. 135, 22 S.Ct. 802, 46 L.Ed. 1090. National Bulk Carriers, Inc. thought so in this case where it set forth its claim for damages against Standard Oil Company of New Jersey in its own cross-libel.

 The comprehensiveness of proceedings in Admiralty to vindicate all the claims arising from one collision has been frequently emphasized as it was in United States v. Shaw, supra. The judgment is single and determines all claims for all of the damage by whomever sustained. The North Star, 106 U.S. 17, 1 S.Ct. 41, 27 L.Ed. 91. The comprehensiveness of the suit and its resultant decree is a development of long time Admiralty practice now embodied in Rule 56. The presence in court of the vessels or their owners is a necessary condition of the issuance of the decree. Here the Liveley was not subject to libel. 46 U.S.C.A. § 741. Her sovereign owner can be brought into court only on its own terms. The time limitation to its consent to suit cannot be extended by any court in the mold of its practice forms. As we have noted, even the Admiralty in a collision case appraises a claim for affirmative relief as a new appeal to the court. Rule 56 prescribes the method for asserting an affirmative claim against a present party in terms that describe the institution of an original action. The United States had been arraigned in this case as it had consented to be arraigned and on its own terms on Standard Oil's charge of its liability for damage to the Barnes. The only obligation it has assumed then, is to prove its innocence of that charge. It has

never made an affirmative claim against anyone but has maintained a wholly negative position, unlike the position of the Government in The Thekla, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313 and In re U. S. Steel Products Co., 2 Cir., 24 F.2d 657. We therefore lack the power to adjudicate the alleged liability of the United States for the Pan Virginia's damage.

Judgment accordingly.