Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 This is an appeal in admiralty from a decree of the Circuit Court of the United States for the southern district of Ohio. The appellants in this suit were the libellants in the case of Chamberlain et al.
 
 v.
 
 Ward et al., decided at the present term, and the questions to be determined have respect to the same subject-matter which was in controversy in that ease, and come before the court upon the same pleadings and testimony. In that case, Ward et al., as owners of the steamer Atlantic, filed their libel in the District Court against Chamberlain et al., as
 
 *573
 
 owners of the propeller Ogdensburgh, to recover the damage sustained by the steamer in a collision which occm’red between those vessels on the 20th day of August, 1852, while navigating on the waters of Lake Erie. After the process was served, Chamberlain et al. appeared and filed their answer to the libel. In the answer, after setting up several defences, they alleged, s among other things not necessary to be noticed, that the collision was not occasioned by the negligence, inattention, or want of proper care and skill, on the part of the master or crew of the propeller, but wholly through the fault, neglect, and unskilfulness, of the master and crew of the steamer, and set forth the grounds on which those allegations were based, and prayed that their answer to the libel might also be taken as a cross-libel in their behalf against Ward et ah, to recover the damage which the propeller sustained by the collision.
 

 On the twenty-sixth day of April, 1858, the parties entered into an agreement, which is a part of this record, that the answer of the respondents should operate as
 
 á
 
 cross-libel, and that the claims of both parties should be considered by the court in weighing the evidence, and be adjudicated upon in the final decree. Afterwards, at the final hearing in the District Court, on the merits of the case, the libel was dismissed upon the ground that the steamer was wholly in fault; and, under the agreement of the parties that the answer should operate as a cross-libel, a decree was entered in favor of Chamberlain et al., for the amount of the damage occasioned to the propeller. Ward et al., as owners of the Atlantic, appealed to the Circuit Court, where the decree of the District Court dismissing the libel and awarding damages to the propeller, as upon a cross-libel, was in all things reversed. That reversal was made upon the ground that the collision was the result of mutual fault, and that the damages and costs ought to bo equally divided. Injuries had been sustained by the propeller to the amount of three thousand dollars, and the agreed value of the steamer at the time of her loss was seventy-five thousand dollars, and accordingly a decree was entered in favor of Ward et al. for the sum of thirty-six thousand dollars, together with a moiety of the costs in both courts. Erom that decree
 
 *574
 
 Chamberlain et al. appealed to this court, and the appeal was regularly docketed, and the case has been heard and decided by the court, upon the libel, answer, and proofs, as exhibited in the transcript. At the same time, Ward et al., the present appellants, also appealed from so much of the decree of the Circuit Court^as found the Atlantic in fault, and directed that the damages should be divided. They appealed as respondents in the cross-libel, and under the agreement before referred to, as sanctioned in the District Court, filed a separate copy of the record, and regularly docketed the appeal, as in the case of a cross-libel, the answer in the other record constituting the libel in this case.
 

 We have been thus particular in adverting to these proceedings, in order that the relation which the respective parties bear to this controversy, and the state of the pleadings, may be fully and clearly understood, and for the purpose of remarking that they are unusual, and do not meet the approval of this court, and ought not to be drawn into precedent. Respondents in a pending libel have the right, in a proper case, to institute a cross-libel to recover damages against the libellants in the primary suit; but they should-file their libel, take out process, and have it served in the usual way; and when that is done, the libellants in the first suit regularly become respondents in the cross-libel, and,'as such, they must answer or stand the consequences of default. Regularity in pleading is both convenient and essential in judicial investigations, and such departures from the usual practice as are exhibited in this record ought not to receive countenance. This appeal was taken, and has been prosecuted upon the ground that the Circuit Court erred in coming to the conclusion that the Atlantic was in fault. That question we have already considered and decided in the other appeal, and the conclusions there stated, and the reasons for them, are applicable to this case. As before remarked, both appeals were taken from the same decree, and the questions presented for the decision of the court are in all respects the same, and depend upon the same testimony. In that case, the court held that the Atlantic was chargeable with fault upon three grounds:
 

 
 *575
 
 1. Because the officer in charge of her deck did not exercise proper vigilance to ascertain the character of the approaching vessel after he discovered the white lights, which subsequently-proved to be the white lights of the propeller.
 

 2. That she was also in fault because the officer of her deck did not seasonably and effectually change the course of the vessel, or slow or stop her engines, after he discovered those lights, so as to prevent a collision.
 

 8. That she. was also in fault because she did not have a vigilant and sufficient look-out.
 

 Our reasons for these conclusions are fully stated in the former case, and need not be repeated. Having already decided that the propeller also was in fault, the necessary result is, that the decision of the Circuit Court was correct.
 

 The decree of the Circuit Court, therefore, is affirmed, without costs..
 

 Mr. Justice DANIEL and Mr. Justice GRIER dissented. y-'See dissent in the preceding case.