## THE CIAMPA EMILIA.

### MORAN et al. v. THE CIAMPA EMILIA.

*(District Court, S. D. New York. May 29, 1889.)*

TOWAGE—COUNTER-CLAIM FOR DAMAGES—ADMIRALTY—PRACTICE.
   Since, in a suit for towage, the defendant, who has a counter-claim for damages for negligent performance of the contract, in excess of the libelant's claim, cannot recover his full damages by *answer*, but only by *cross-libel*, and as he cannot split up his cross-demand, but must try it in the cross-suit, he is entitled to have the libel and cross-libel heard together, if brought in the same court. If brought in different courts, judgment on the libel for towage should be stayed until reasonable opportunity had for the trial of the larger counter-claim in the cross-action.

In Admiralty. Libel for towage.
*Hyland & Zabriskie*, for libelant.
*Wing, Shoudy & Putnam*, for claimants.

BROWN, J. The libelant sues for $250, the agreed price for towing the ship Ciampa Emilia from New York to Philadelphia, in November, 1888. On the trip the Ciampa was damaged in an amount much beyond the contract price, through the alleged negligence of the libelant's tug. The answer admits the agreement to pay $250; but it alleges a contract to tow safely, the non-performance and violation of that contract, the consequent damage, and the pendency of a suit in the Eastern district, brought by the claimants against the libelant's tug *in rem*, to recover damages much in excess of the price of the towage. The claimants in the suit last named having bonded the vessel and given security for the damages claimed in the Eastern district, now move for judgment here

upon the pleadings and on the above facts. In libels on contracts for towage or for transportation, damages may be recouped in the same action to the extent of the contract price; but, if the carrier has caused damage in excess of the contract price, the claimant can only recover the excess by an independent libel. In *Nichols* v. *Tremlett*, 1 Spr. 367, it is said, moreover, that since he cannot split up his demand, and litigate the same question twice, if the owner "voluntarily submits his claim for damages to the court in the suit for freight to extinguish the libelant's claim, he cannot afterwards maintain a suit for the excess." *Kennedy* v. *Dodge*, 1 Ben. 311. In *Bradstreet* v. *Heron*, Abb. Adm. 209, BETTS, J., says, in regard to a negligent damage of the carrier, that the owner of the goods is "entitled to withhold the freight, either by way of recoupment of damage or upon the ground that the libelant cannot maintain an action on the contract without showing that its requisitions have been fully complied with on his own part." It is now the settled practice, however, upon delivery of all the articles, though damaged, to allow the freight upon compensation for the damage, either by way of recoupment or by way of cross-libel, according to the amount of damages. Whatever may have formerly been the practice in common-law actions, it is manifest, upon principles of natural justice, that an owner of property which has been damaged in a larger sum than the freight or towage price ought not to be required to pay moneys to the wrong-doer while the latter is owing him a larger sum for damages in the same transaction. Under the Code of Civil Procedure in this state, and in many others that allow a counterclaim to be set up in the answer, both demands are adjusted in a single suit. As the practice in the admiralty, however, requires independent libels, the court, which proceeds upon equitable principles, should secure the same result, so far as the proper regulation of the practice will permit, viz., by trying the two causes together, as it may do, where both suits are in the same court; or, if they are in different courts, by staying the entry or execution of a decree in the one suit until there is reasonable opportunity for the other to be heard. *The Tubal Cain*, 9 Fed. Rep. 834. As the larger suit for damages is pending in the Eastern district, no decree should be entered here until the right of the present claimants to damages is adjudicated there. Both claims proceed from the same transaction. The present libelant is not entitled to be paid his towage, except upon making at the same time compensation for the damages inflicted. He is not equitably entitled to call for the claimants' money for freight, and turn the latter over to the bond or stipulation given in the other suit, in which by litigation he may postpone recovery for a considerable period, and at last possibly involve the claimant in an entire loss through the failure of the security given. An order may be taken providing for the entry of a final decree for the amount of the towage, with interest and costs, upon the determination of the suit in the Eastern district; the amount thereof to be paid upon satisfaction on the part of the libelant of any decree therein recovered against him.