## MAYER & LAGE, Inc., v. PRINCE LINE, Limited.

(District Court, S. D. New York. March 3, 1920.)

No. 558.

**1. Admiralty ⬥⟹58—Security not required where so-called cross-libel is not such in fact.**

Supreme Court rule 53 (29 Sup. Ct. xiv) only requires security where a cross-libel is filed, and security will not be required where the answer, though called a cross-libel, is not such in form, and is not accompanied by a citation, and cannot afford a basis for affirmative relief.

**2. Admiralty ⬥⟹62—Answer, though called cross-libel, not entitled to be so treated.**

Where an answer, though called a cross-libel and asking affirmative relief, is not in form such, and is accompanied by no citation, it cannot afford a basis for affirmative relief, and can be treated only as a pleading containing allegations of a set-off.

In Admiralty. Libel by Mayer & Lage, Incorporated, against the Prince Line, Limited, with cross-libel by the Prince Line against Mayer & Lage, Incorporated. On motion to require security and stay proceedings until security is given. Denied.

Patterson, Eagle, Greenough & Day, of New York City (J. Culbert Palmer and Charles D. Francis, both of New York City, of counsel), for libelant.

Kirlin, Woolsey & Hickox, of New York City (Charles Hickox, of New York City, of counsel), for respondent.

AUGUSTUS N. HAND, District Judge. I have allowed the respondent to file an answer, which it designates as an amended answer and cross-libel, asking for affirmative relief. The Supreme Court, in The Sapphire, 85 U. S. (18 Wall.) at page 56, 21 L. Ed. 814, said:

"We do not say that a cross-libel is always necessary, in a case of collision, in order to enable claimants of an offending vessel to set off or recoup the damages sustained by such vessels, if both be found in fault."

Judge Hough, in United Transp. & Lighterage Co. v. New York & Baltimore Transp. Line (D. C.) 180 Fed. 902, said in a footnote:

"The word 'set-off' is not used in respondent's pleadings, but the 'counter-claim' (for which no warrant is found in admiralty practice) has been regarded by all parties as an attempted set-off. * * *"

Benedict's Admiralty (4th Ed.) p. 267, says that, if a respondent wishes to obtain affirmative relief, it is necessary to file a cross-libel. The Supreme Court in Bowker v. United States, 186 U. S. 140, 22 Sup. Ct. at page 804, 46 L. Ed. 1090, also says:

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"In admiralty, if the respondent desires to obtain entire damages against the libelant, or damages in excess of those claimed by libelant, a cross-libel is necessary, although matters of recoupment or counterclaim might be asserted in the answer."

The Supreme Court likewise said in The Dove, 91 U. S. 384, 23 L. Ed. 354:

" * * * Whenever he desires to prefer such a claim, he should file an answer to the original libel, and institute a cross-action to recover the damages for the injuries sustained by his own vessel."

Judge Brown also said in the Case of Ciampa Emilia, 39 Fed. 127:

"In libels on contracts for towage or for transportation, damages may be recouped in the same action to the extent of the contract price; but, if the carrier has caused damage in excess of the contract price, the claimant can only recover the excess by an independent libel."

It was also said by the Circuit Court of Appeals for the Eighth Circuit, in the case of Hawgood & Avery Transit Co. v. Dingman, 94 Fed. 1011, 36 C. C. A. 627:

" * * * Moreover, the transit company did not present its claim to enforce this maritime lien in a libel or a cross-libel. It merely pleaded it in its answer. * * * That company might have filed a libel or a cross-libel, and it might have caused this machinery to be arrested upon the maritime lien it now presses. But it could not have acquired any right to enforce that lien, or to share in the distribution of the proceeds of the engine, boilers, and machinery, or in the proceeds of a bond or a stipulation taken for them by other parties, by simply setting it forth in its answer. Respondents in a libel suit are required to file a cross-libel, to take out process, and have it served in the usual way, if they have maritime liens which they desire to enforce. Ward v. Chamberlain, 21 How. 572, 574 [16 L. Ed. 219]. * * * "

The Circuit Court of Appeals for the Fifth Circuit, in the case of The Edward H. Blake, 92 Fed. 202, 34 C. C. A. 297, likewise said:

" * * * It is * * * well settled that, if the respondent desires affirmative relief beyond defeating the libel, and a decree over against the libelant, he must, besides answering the case made by the libel, file a cross-libel, by which we understand an independent proceeding with the formalities attendant upon an original libel."

[1, 2] Rule 53 of the Supreme Court (29 Sup. Ct. xiv) only requires security where a cross-libel is filed. The fact that a libel and cross-libel are tried together, are by order or in effect consolidated, and result oftentimes in a single decree, cannot be taken as a sufficient answer to what I believe to be the settled practice in this district, and at any rate the only practice authorized by controlling decisions.

Though the answer is called a cross-libel, it is not in form such, was accompanied by no citation, and can be treated only as a pleading containing allegations of a set-off. It cannot afford a basis for any affirmative relief.

The motion by the respondent to require security, and stay proceedings until security is given, is therefore denied.