## THE JANE PALMER. THE SINGLETON PALMER. FRANCE & CANADA S. S. CORPORATION v. FRENCH REPUBLIC.

(District Court, S. D. New York. August 30, 1921.)

Admiralty ⊙—36—Counterclaim must be based on same contract, or arise out of same cause of action, as original libel.

New admiralty rule 50, permitting the filing of a cross-libel on a counterclaim "arising out of the same contract or cause of action for which the original libel was filed," does not authorize a counterclaim based on a contract between claimant and libelant in a suit in rem to enforce a maritime lien on a specific vessel, arising out of the ordinary relationship of ship and cargo and not founded on contract.

In Admiralty. Suits by the French Republic against the schooner Jane Palmer and against the schooner Singleton Palmer, the France & Canada Steamship Corporation, Claimant, with cross-libel by the France & Canada Steamship Corporation against the French Republic. On motion by cross-libelant for stay, and exceptions to cross-libel. Motion for stay denied, and exceptions sustained.

See, also, 270 Fed. 609.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (William H. McGrann, of New York City, of counsel), for the French Republic.

Patterson, Eagle, Greenough & Day, of New York City (J. Culbert Palmer and C. D. Francis, both of New York City, of counsel), for claimant and cross-libelant.

MAYER, District Judge. Under date of December 28, 1920, the court filed its opinion herein. At that time the admiralty rule No. 53 was in existence. Orders, however, were not submitted until after the present admiralty rule 50 was promulgated by the Supreme Court. The new rule made certain changes or additions, which are noted by underlining; said rule 50 being as follows:

"Whenever a cross-libel is filed upon any counterclaim arising out of the same *contract* or cause of action for which the original libel was filed, *and the respondent or claimant in the original suit shall have given security to respond in damages,* the respondent in the cross-libel shall give security in the usual amount and form to respond in damages (to the claims set forth) in said cross-libel, unless the court, for cause shown, shall otherwise direct; and all proceedings on the original libel shall be stayed until such security be given *unless the court otherwise directs.*"

In the court's opinion of December 28, 1920,[1] it was thought advisable to consider the broader aspect of the question of set-off and counterclaim. Now, however, it becomes necessary to examine the original libels, with a view of ascertaining the status of the claimants and the cross-libelant. The original libels plead actions in rem which are not founded on the contract pleaded by the France & Canada Steamship Corporation, but which are founded on a maritime lien on the specific vessels arising out of the ordinary relationship of ship and cargo. It

⊙—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
[1] 270 Fed. 609.

is the law that the libelant may assert its liens independently of any ulterior contractual relationship. The New York (D. C.) 93 Fed. 495, and cases cited therein.

Rule 50 undoubtedly extends the scope of a counterclaim, so as to comprehend any counterclaim arising out of the same contract for which the original libel was filed. But from the wording of the rule and the contiguity of the words "for which the original libel was filed," it is apparent that, if the original libel did not set up nor rely upon contract A, but set up or relied on contract B, then that the counterclaim must arise out of contract B, even though the parties had entered into contract A. Even in its present and amended form, rule 50 is nowhere near as broad as equity rule 30 (201 Fed. v, 118 C. C. A. v). In equity rule 30 it is permissible to "set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him." It must be assumed, as matter of law, that, if the Supreme Court had intended to enlarge the right to counterclaim in admiralty to an extent analogous with that which it allowed in equity, the new rule would have been thus worded. But, so far as the text of the rule is concerned, it would seem that a counterclaim may go no further than to set up facts which arise either out of the same contract for which the original libel was filed or out of the same cause of action. As libelant has so framed its pleadings as to confine itself solely to the ordinary relationship of ship and cargo, the matters of which the claimants and cross-libelant complain cannot be said to arise out of the same contract for which the libels were filed.

Counsel have endeavored to assist the court in ascertaining the reasons which induced the committee of admiralty lawyers to propose the rule to the Supreme Court, but no serviceable information was obtained, and this court necessarily must construe the rule as a matter of statutory or rule construction in accordance with usual principles. The result of the foregoing is the same as that which followed the determination of the original motions.

Submit orders on three days' notice.