## RODGERS SAND CO. v. MONONGAHELA & OHIO DREDGING CO.

(Circuit Court of Appeals, Third Circuit. January 9, 1924.)

No. 3060.

1. **Admiralty ⚖=36—Set-off not allowed in admiralty courts.**

    A set-off is unknown to the maritime law, except as a credit on the transaction which forms the subject of the libel, and a claim arising out of another contract or transaction cannot be set up as a defense.

2. **Admiralty ⚖=105—Informality in pleading held not ground for reversal.**

    Where an amendment to the libel was filed, and respondent made no objection to evidence offered and admitted thereunder, but met the issue raised by the amendment with evidence of its own, and the case was tried and decided on that issue, respondent cannot urge on appeal that the record does not show that a formal motion for leave to amend was made and allowed by the court.

3. **Admiralty ⚖=109—Assignment of error that court erred in entering its decree not sufficiently specific.**

    An assignment that the court erred in entering its decree is not a sufficient assignment of error under rule 11 of the Circuit Courts of Appeals (150 Fed. xxvii, 79 C. C. A. xxvii).

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Suit in admiralty by the Monongahela & Ohio Dredging Company against the Rodgers Sand Company. Decree for libelant (296 Fed. 916), and respondent appeals. Affirmed.

Lowrie C. Barton and Charles S. Crawford, both of Pittsburgh, Pa., for appellant.

McIlvain, Murphy & Mohn, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. [1] The Monongahela & Ohio Dredging Company chartered a dredge and a number of scows to the Rodgers Sand Company first for work on the Monongahela River at Wilson, Pennsylvania, and later for work on the Allegheny River at Six Mile, at a named rate for a day of a given number of hours. The Sand Company paid the charter money in full for the use of the dredge and scows on the Monongahela but refused to pay for their use on the Allegheny. Thereupon the Dredging Company filed this libel in personam to recover a balance due for their hire at the latter place. The Sand Company

filed a counterclaim arising out of the previous use of these craft on the Monongahela. No objection was made to its form. United T. & L. Co. v. N. Y. & B. Transp. Co. (D. C.) 180 Fed. 902. Immediately there arose a question whether the hiring of the dredge and scows for work on both rivers was under one contract or under two separate contracts. On the decision of this question rests the validity of the respondent's counterclaim, for if hired under two contracts a counterclaim arising under one cannot be asserted against a claim arising under the other, set-off being unknown to the admiralty law, except as a credit on the transaction which is the subject of the libel. The City of New Bedford, 20 Fed. 57; The Electron (D. C.) 48 Fed. 689; O'Brien v. Bags of Guano (D. C.) 48 Fed. 726, 730; United T. & L. Co. v. N. Y. & B. Transp. Co. (D. C.) 180 Fed. 902; Howard v. Bags of Malt (D. C.) 255 Fed. 917, 918; Mayer & Lage v. Prince Line (D. C.) 264 Fed. 854.

Therefore, whether the parties entered into one contract of hire or two was purely a question of fact. In its determination we find ourselves in full accord with the reasoning and conclusion of the learned trial judge that there were two contracts. As renewed discussion of this question would add nothing to the decision, we shall adopt his opinion as our own. 296 Fed. 916.

[2] One matter not raised at the trial and brought out on this appeal is whether there is a variance between the libel and the proofs, and whether, accordingly, the Dredging Company, in default of a valid amendment, is bound by the facts alleged in the libel, which, for lack of proof, do not sustain the decree.

The question arose in this way: The Dredging Company, in its libel, declared on a contract for work on the Allegheny in terms the same as in the contract for work on the Monongahela—one dredge, four scows, ten hour day. At the hearing before the Commissioner, it proved that the work on the Allegheny was for the government and, therefore, was done on an eight hour day with three scows. This was at variance with the facts averred in the libel. Accordingly, the Dredging Company moved to amend its libel and the Sand Company reserved the right to file an answer. The record does not disclose a formal motion for leave to amend made to or allowed by the court, but the record shows without mistake that most of the testimony for the Dredging Company and all the testimony for the Sand Company was offered and accepted after the amendment had been filed. Around the subject matter of the amendment the controversy revolved, and on evidence, admissible only under the libel as amended, the case was tried and decided. This is shown by the express reference which the judge made to this evidence in his opinion.

[3] The question, however, is not properly before this court, because the Sand Company did not object to any of the evidence offered and admitted under the amendment, and, of course, neither did it ask for nor was it allowed an exception on which to ground an assignment of error. Moreover, it met the issue raised by the amendment with evidence of its own. Aside from these considerations, the Sand Company has not raised the question by valid assignment of error. No assign-

ment specifies the error now urged in the brief on appeal. The assignment that "the court below erred in entering its decree" (reciting the decree) is not sufficient. The Blakeley (C. C. A.) 285 Fed. 348.

The decree below is affirmed.

Judge BUFFINGTON took no part in this decision.