## CIOFFI v. NEW ZEALAND SHIPPING CO., Ltd., et al.

District Court, S. D. New York.
Feb. 25, 1947.

Duncan & Mount, of New York City, for Bethlehem.

Alexander & Ash, of New York City, for Howland.

RIFKIND, District Judge.

The libellant, Cioffi, was employed as a carpenter by Howland Mutual Lumber Co., Inc. He sustained personal injuries while working on board a ship, owned by New Zealand Shipping Co., Inc., undergoing repairs in a drydock operated by Bethlehem Steel Co. He filed a libel, in personam, against New Zealand and Bethlehem. New Zealand, pursuant to Admiralty Rule 56, 28 U.S.C.A. following section 723, filed a petition impleading Howland and alleging that, if the injuries were the product of negligence, it was the negligence of Howland; and prayed that if liability for libellant's injuries should be adjudged against New Zealand, then it was entitled to contribu-

tion or indemnity from Howland. Bethlehem did not join in the petition to implead.

Howland answered the libel and the petition. In the answer it included a group of allegations which it denominated a cross-libel against New Zealand and Bethlehem. Therein Howland alleged that it had obtained a policy of insurance pursuant to the Longshoremen's Compensation Act, 33 U.S.C.A. § 901 et seq.; that the insurer had paid libellant compensation for the injuries sustained by him and had reimbursed him for his medical expenses; that Howland, for itself and as agent for its insurer, had a right to subrogation, in respect of any recovery by libellant, to the extent of the compensation and medical expenses so paid to libellant, and it prayed, among other things, that in the event libellant obtained a decree against respondent, it be adjudged that there be first awarded in favor of Howland the amount of the compensation and medical expenses paid to libellant.·

Both New Zealand and Bethlehem have filed exceptions to the cross libel. These exceptions raise a question of practice. May Howland obtain an adjudication of its rights in any recovery obtained by the libellant by this procedure? The Admiralty Rules do not in express terms provide for a cross-libel. The only reference to a cross-libel is to be found in Rule 50, which deals with "Security on Cross-Libel".

■ The practice in the admiralty, however, is fairly well established. Where a party proceeded against in admiralty seeks to obtain affirmative relief against the one who asserts a claim, it may proceed by way of cross-libel. In order to do so, it must initiate the proceedings by process. Admiralty does not know of a counterclaim as that term is known under the civil rules. Only if it is desired to set up matter in extinguishment or reduction of the original demand is it permissible to allege such facts in the answer. The New Rochelle, D.C., S.D.N.Y., 1923, 298 F. 525, 528; Mayer & Lage, Inc. v. Prince Line, Ltd., D.C., S.D.N.Y., 1920, 264 F. 854; The Leader, D.C., W.D. Pa., 1910, 181 F. 743, 746, reversed, on other grounds, 3 Cir., 1911, 187 F. 807; The Edward H.

Blake, 5 Cir., 1899, 92 F. 202, 206; Ward v. Chamberlain, 1858, 21 How. 572, 574, 62 U.S. 572, 574, 16 L.Ed. 219; Hawgood & Avery Transit Co. v. Dingman, 8 Cir., 1899, 94 F. 1011, 1015; 2 Benedict on Admiralty, 6th Ed., pages 451 et seq.

■ Howland asserts that the plastic procedure of the admiralty, Davis v. Adams, 9 Cir., 1900, 102 F. 520, 523, should permit the application of Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to the present circumstances. See, also, The Kookaburra, 2 Cir., 1934, 69 F.2d 71, 73. I cannot agree. No matter how plastic the procedure in the admiralty, appropriate regard, in the initial stages of a proceeding, to the established practice should deter a judge from introducing new forms of pleading, especially in the light of Ward v. Chamberlain, supra.

These views compel a decision sustaining the second and third exceptions filed by New Zealand and Bethlehem. No opinion is intimated as to whether a cross-libel will lie against Bethlehem which has not impleaded Howland, nor is any view expressed concerning the question whether the nature of the cross-libel asserted by Howland will be entertained in the admiralty, that is, whether the cross-libel needs to state a claim of a maritime character, and, if so, whether this is that kind of a claim. 2 Benedict on Admiralty, 6th Ed., p. 454, n. 7. These questions may be more conveniently tested when and as Howland initiates its proceeding by way of a cross-libel.

Howland suggests that the term counterclaim does exist in the admiralty, and cites The Seaboard No. 25, D.C., E.D.N.Y., 1946, 68 F.Supp. 169. While the term was used in that case it does not appear that the matter was under consideration or that the problem was in any way called to the attention of the court. In Eastern Transportation Co. v. Blue Ridge Coal Corp., 2 Cir., 1947, 159 F.2d 642, the court's opinion also speaks of a counterclaim. A study of the record on appeal reveals that it pertained to a set-off.

■ A more serious problem is presented by the following argument of Howland. It states that if Howland had not been joined as a party it could have intervened for·

the purpose of imposing an equitable lien upon the recovery to the extent of the compensation payments and medical expenses. The Etna, 3 Cir., 1943, 138 F.2d 37. Therefore, it argues, it ought to be able to accomplish in the action as a party what it could have achieved by intervention. But its argument rests upon a dubious foundation.

Howland could not intervene under Admiralty Rule 34 since this is not a suit in rem. Nor could it do so at this stage, under Admiralty Rule 42, in the absence of "any proceeds in the registry of the court." Bennett Day Importing Co., Inc. v. Compagnie Francaise, D.C., E.D.N.Y., 1930, 42 F.2d 295; Defense Plant Corp. v. United States Barge Lines, 2 Cir., 1944, 145 F.2d 766, 767.

Howland's role as respondent impleaded is quite distinct from its role as intervenor pro interesse suo, in that it asserts a claim to a fund which may be created if recovery is had. I see no persuasive reason why it may not, as respondent-impleaded, defend the claim asserted against it in the petition, and, at the appropriate time, intervene for the purpose of asserting its claim to a share of the recovery.

The second and third exceptions of both respondents are sustained.