**MOBILE TOWING & WRECKING COMPANY, Inc., a corporation, Libelant,**

v.

**THE ATLANTIC (formerly the S.S. Badger Mariner), her tackle, apparel, equipment, furniture, etc., Respondent.**

No. 2639.

United States District Court
S. D. Alabama, S. D.
June 6, 1960.

---

864

Alexander F. Lankford, III, of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., for libelant.

Thomas E. Twitty, Jr., of Inge, Twitty & Duffy, Mobile, Ala., for respondent.

DANIEL HOLCOMBE THOMAS, District Judge.

Libelant, Mobile Towing & Wrecking Company, Inc., brings this action against the S. S. Atlantic, ex Badger Mariner, seeking recovery for services rendered by the tug, the David R. Dunlap, Jr., as requested by Captain Kenneth Simpson, master of such vessel.

The original answer filed on behalf of the Badger Mariner by its owners, American Banner Lines, Inc., denied that Captain Simpson requested such services, or that such services were performed. American Banner's amended answer admitted that Captain Simpson ordered the Dunlap which rendered assistance to the Badger Mariner, but asserted, as a defense, that the services of such tug were necessitated by the vessel's being put aground, due to the unseaworthiness of the tugs Barlow and Joseph M. Walsh, also owned by libelant.

This cause came on for trial on the pleadings and the evidence, and due de-liberation having been had thereon, the Court now makes the following Findings of Fact and Conclusions of Law.

Findings of Fact

On March 18, 1957, the Badger Mariner, a dead ship, departed Todd Shipyards, at Hoboken, New Jersey, in tow of the tug Julia C. Moran, owned by Moran Towing & Transportation Co., Inc. She was bound for Ingalls Shipbuilding Company's yard, located at Pascagoula, Mississippi. Captain Kenneth Simpson was master of the Badger Mariner, and had under his command a skeleton crew.

Moran Towing & Transportation Company had made arrangements with Mobile Towing for the latter to furnish two tugs for the assistance of the vessel up the Pascagoula ship channel. There is no evidence that American Banner or Captain Simpson had any part whatsoever in the arrangements between Moran and Mobile Towing to furnish these two tugs.

Pursuant to the arrangement between Moran Towing and Mobile Towing, the Mobile Towing tugs Barlow and Joseph M. Walsh met the Badger Mariner and the Julia C. Moran at the entrance to the Pascagoula ship channel shortly before noon of April 2, 1957.

With two Pascagoula pilots in charge of the movement, the flotilla proceeded up the channel, and the Badger Mariner went aground during the early afternoon of April 2, 1957.

Later on during the afternoon of April 2, Captain Simpson requested from Mobile Towing the assistance of a tug. There is no evidence that Moran Towing had anything to do with Captain Simpson's request for this tug.

Pursuant to Captain Simpson's request, Mobile Towing dispatched its tug, the David R. Dunlap, Jr., which left Mobile at 8:30 p. m. of April 2, and arrived at the side of the vessel at 2:40 a. m. of April 3.

The vessel was ungrounded the morning of April 3, but because of bad weather, she was anchored until the following morning, when she was taken up the

channel and docked about noon of April 4.

From the time the tug arrived at the vessel on April 3 until such vessel was docked on April 4, the David R. Dunlap, Jr., pursuant to the commands of pilot Dubuisson and/or Captain Simpson, performed such services as bringing men, equipment, and supplies, to and from Pascagoula to the vessel; assisting to unground the vessel; and assisting such vessel up the channel after she was taken off the ground.

The reasonable value of such services is $2,735, no part of which has been paid on behalf of the vessel.

### Conclusions of Law

Libelant's cause of action before this court is based solely upon its assertion that the tug, David R. Dunlap, Jr., assisted the Badger Mariner at the request of the master of such vessel, as shown by the uncontradicted evidence, and admitted by American Banner.

■ However, American Banner seeks to escape payment for the services of the Dunlap by contending that the grounding of the Badger Mariner was due to the unseaworthiness of libelant's tugs Barlow and Joseph M. Walsh, such tugs being furnished by Mobile Towing pursuant to an agreement or contract with Moran. American Banner appears to have had no connection with the Moran contract, which was a contract separate and apart from and involving different parties from those concerned in the contract or arrangements between Captain Simpson and Mobile Towing for the services of the tug, David R. Dunlap, Jr. It is my opinion that inasmuch as these were separate contracts involving different parties and separate hirings, there is not before the Court the issue as to the cause of the grounding, such issue being properly the possible subject matter of other litigation. Monongahela & Ohio Dredging Co. v. Rodgers Sand Co., D.C.Pa., 296 F. 916, affirmed 3 Cir., 296 F. 919; The Tom Lysle, D.C.Pa., 48 F. 690; Hildebrand v. Geneva Mill Co., D. C.Ala., 32 F.2d 343; The Jane Palmer,

D.C.N.Y., 270 F. 609, subsequent opinion 275 F. 719.

■ Accordingly, I find that the libelant is entitled to recover the reasonable value of the services of the tug, David R. Dunlap, Jr., in the amount of $2,735, with interest thereon, with costs taxed to the respondent.

Decree in accordance herewith will be entered.