**ISTHMIAN STEAMSHIP COMPANY,**
Libelant,

v.

**UNITED STATES of America,**
Respondent.

**UNITED STATES of America,**
Libelant,

v.

**ISTHMIAN STEAMSHIP COMPANY,**
Respondent.

United States District Court
S. D. New York.

Aug. 9, 1955.

Kirlin, Campbell & Keating, New York City, for Isthmian Steamship Company (Clement C. Rinehart, Elmer C. Maddy, New York City, of counsel).

J. Edward Lumbard, Lloyd F. Mac-Mahon, U. S. Attys., New York City, for U. S. of America, Benjamin H. Berman, Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

Libelant in A. 185–33, Isthmian Steamship Company, excepts to certain articles of the answer and seeks a decree pro confesso. Respondent in the same action, the United States of America, moves, pursuant to Rule 13 of the Admiralty Rules of this court, for an order consolidating the two suits which are captioned above. Hereinafter I will refer to A. 185–33 as "Isthmian's suit" and to A. 185–274 as "the government's suit".

Isthmian's suit, commenced by libel filed on March 29, 1955, is brought to recover from the government the sum of $115,203.76 alleged to be the unpaid balance of freight due Isthmian from the government for Isthmian's carriage of goods owned by a government agency under a government bill of lading on Isthmian's vessel, the Steel Worker, within two years before the date on which the libel was filed. The government's answer admits that it "became obligated to" Isthmian for the freight but alleges, in Articles 5 and 13, that payment of the sum was made on June 3, 1953 by the "application and set-off" of a sum identical with the one here claimed by Isthmian.

The government's suit is brought to recover from Isthmian the sum of $115,-203.76 alleged to be unpaid, due and owing the government as additional hire under a bareboat charter party, dated as of April 29, 1946, for the use by Isthmian of eight identified government-owned vessels during the period from May 1, 1946 to July 31, 1948. The Steel Worker was not one of the eight chartered vessels.

The amount claimed by the government as due and owing in its suit against Isthmian is the same bareboat charter hire the alleged set-off of which is set up as the government's defense of payment in Isthmian's suit against the government.

Isthmian excepts to Articles 6 through 13 and to portions of Articles 4 and 5 of the government's answer. Articles 6 through 13, labeled "A Separate and Complete Defense", contain the same allegations which are the basis of the government's suit and the additional allegation of satisfaction of Isthmian's claim by the government's set-off of the sum which is the subject of the government's suit. The portions of Articles 4 and 5 to which Isthmian excepts deny Isthmian's allegations that the sum for which it is suing has not been paid. The only basis for these denials is the matter set up in the government's separate defense.

Isthmian says that Articles 6 through 13 amount, in substance, to a claim for set-off and argues that since the sum sought to be set-off against its claim arises out of an alleged transaction which is wholly different from the one which is the subject of Isthmian's suit the attempt to set-off is improper. I am clear that if the government's separate defense is a set-off Isthmian's exceptions must be sustained. In admiralty a set-off is not cognizable except in so far as it relates to the transaction which is the subject of the libel. The Jane Palmer, D.C.S.D.N.Y., 270 F. 609; United Transp. & L. Co. v. New York & B. Transp. Line, D.C.S.D.N.Y., 180 F. 902, affirmed 2 Cir., 185 F. 386; The Yankee, D.C.E.D.N.Y., 37 F.Supp. 512; Susquehanna S. S. Co. v. A. O. Anderson & Co., 4 Cir., 6 F.2d 858; Hildebrand v. Geneva Mill Co., D.C.M.D.Ala.S.D., 32 F.2d 343. Here the transaction upon which Isthmian's suit is based and the one upon which the government's separate defense is based are different in kind and distant in time from one another. The government, however, argues that its separate defense is one of payment rather than one of set-off. It is quite true that the government alleges that on June 3, 1953, by setting off the claim the facts of which

are alleged in its separate defense, it "paid" Isthmian's claim. The trouble with this is that Isthmian denies the allegation. In fact the government's suit was instituted, pursuant to 31 U.S.C. § 227, to establish its right to this amount. Indeed, the fact of nonpayment of this identical claim was expressly asserted by the government in supporting the government's successful motion to dismiss Isthmian's suit in the Court of Claims to recover this balance of freight. Isthmian Steamship Co. v. United States, Ct.Cl., 130 F.Supp. 336. The government either paid the freight to Isthmian or it did not. If it paid the freight it did so by cancelling its claim against Isthmian for charter hire. Suit for the charter hire is completely inconsistent with any such cancellation. See Climactic Rainwear Co. v. United States, 88 F.Supp. 415, 115 Ct.Cl. 520.

■ The effect of what has been said is that Isthmian's exceptions must be sustained. In turn, the effect of this determination is that the government's motion for consolidation must be denied. Rule 13 of the Admiralty Rules of this court provides:

> "When various suits are pending, all resting upon the same matter of right or defense, although there be no common interest between the parties, the court may consolidate or compel said suits to be tried together, and enter a single decree or decrees in each cause."

While the government's separate defense to Isthmian's suit was part of its answer it could at least have been argued that the identity of the government's defense in one suit with its claim in the other might justify consolidation. The sustention of Isthmian's exceptions has eliminated even this argument.

In opposition to the branch of Isthmian's motion which seeks a decree pro confesso, or, as Isthmian says in its moving papers, "judgment on the pleadings", the government says only that it knows of no authority in admiralty for the grant of "judgment on the pleadings". It does not deny Isthmian's repeated assertions that "Respondent [the Government] admits that libelant [Isthmian] is entitled to the freight except for the alleged 'payment' by set-off". Nor has the government even requested that, in the event that Isthmian's exceptions are sustained, it be given leave to answer further.

■■ The government is correct in its assertion that in admiralty there is no authority for judgment on the pleadings, but I do not believe that justice will be served by holding Isthmian rigidly to its misnomer. Under General Admiralty Rules 27 and 29, 28 U.S.C., the matter of exception may be taken pro confesso against the government to the full purport and effect of the articles of the libel left unanswered. These articles embody Isthmian's whole claim. The government concedes that the answer admits that the government was originally indebted to Isthmian for the amount claimed.

Isthmian's exceptions are sustained and its application for a decree granting the relief sought by it in A. 185–33 is granted. The government's motion for consolidation is denied.