**GRACE LINE**, Inc., Libelant,

v.

**UNITED STATES** of America, Respondent.

United States District Court
S. D. New York.
July 26, 1956.

Kirlin, Campbell & Keating, New York City, Walter P. Hickey, New York City, for libelant.

Paul W. Williams, U. S. Atty., New York City, William H. Postner, Trial Atty., Department of Justice, New York City, of counsel, for respondent.

HERLANDS, District Judge.

The sufficiency of the answer filed by the United States of America, as respondent, is challenged by the exceptions and exceptive allegations of libelant and its motion for a decree *pro confesso* on the pleadings, Rule 27 of the General Admiralty Rules, 28 U.S.C.A.

The libel is for freight earned on various shipments of ore carried under bills of lading by libelant for General Services Administration from ports of South America to New York on several of libelant's vessels.

Respondent's answer, as originally filed, included certain set-offs which have since been eliminated by order of the Court, dated March 22, 1956. As it now stands, the answer admits that libelant earned and was entitled to the freight claimed, but alleges that it has set-off certain other cargo claims with respect to different shipments, and that by setting off these claims it has "paid" libelant's claims.

It is indisputably clear from the face of the answer that the defense of "payment" is not predicated upon a payment in the true sense but is, in actuality, an attempt to set-off claims asserted by respondent to be due from libelant on account of claims for cargo damage arising out of entirely different transactions, and in connection with which libelant has disputed its liability and has refused to pay.

The alleged "payment" on which respondent relies (Article Thirty-Fourth of its answer) is merely an attempted set-off and not payment in fact.

■ Respondent's answer (Article Thirty-First) admits that the claims attempted to be set off have been disputed by libelant. Instead of "paying" libelant's claims, respondent refused to do so on the unsubstantiated and disputed claim that an equivalent amount and more was owing to it by libelant. In similar situations, it has been held that set-offs by the Government do not constitute a legally sufficient defense of "payment." Isthmian Steamship Co. v. United States, D.C.S.D.N.Y.1955, 134 F. Supp. 854; Climatic Rainwear Co. v. United States, 1950, 88 F.Supp. 415, 115 Ct.Cl. 520.

■ Moreover, this Court, sitting in admiralty, has no jurisdiction over the Government's set-offs because they do not arise out of any of the contracts or transactions pleaded in the libel. Isthmian Steamship Co. v. United States, supra; Hildebrand v. Geneva Mill Co., D. C.M.D.Ala.1929, 32 F.2d 343; Castner, Curran & Bullitt, Inc., v. United States, 2 Cir., 1925, 5 F.2d 214; Susquehanna S. S. Co. v. A. O. Anderson & Co., 4 Cir., 1925, 6 F.2d 858; United Transp. & L. Co. v. New York & B. Tr. Line, 2 Cir., 1911, 185 F. 386; Tice Towing Line v. United States Lighterage Corporation, D.C.E.D.N.Y.1932, 1932 A.M.C. 794 (not otherwise reported); Benedict on Admiralty (1940) sections 328–329; Supreme Court Admiralty Rule 50; Admiralty Rules 16 and 17 of the Southern District of New York.

It has been stipulated (1) that the bills of lading out of which the Government's claims arise contain provisions discharging the libelant of all liability "unless suit was brought within one year from the delivery of the goods or the date when the goods should have been delivered"; and (2) that suit by the Gov-

ernment was not brought within such time.

■ Provisions in transportation contracts limiting time for suit are valid and binding on the Government. United States v. Seaboard Air Line Railway Co., 4 Cir., 1927, 22 F.2d 113; United States v. The South Star, D.C.S.D.N.Y.1953, 115 F.Supp. 102, affirmed 2 Cir., 1954, 210 F. 2d 44.

■ In considering the effect of the running of the suit-time provision, it is necessary to recognize and apply the established distinction between "recoupment" and "set-off." A "recoupment," based on the same transaction as sued on, is not barred by a statute of limitations, Bull v. United States, 1935, 295 U. S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, whereas a "set-off," arising, as it does, out of a different transaction, may not be used to defeat the claim sued on, if an independent action on the set-off would be time-barred. Weidenfeld v. Pacific Improvement Co., D.C.E.D.N.Y.1920, 267 F. 699; Sullivan v. Hoover, D.C.D.C. 1947, 6 F.R.D. 513.

■ In view of the foregoing principles, it must be concluded that, even if it were permissible in admiralty to set off claims arising out of transactions other than those sued on, the respondent-Government's claims here involved could not be utilized as set-offs because they are time-barred.

Respondent's second defense—based upon an alleged "administrative remedy of withholding from moneys of or otherwise owing to said libelant in respondent's possession, a sum equal to the amount of respondent's said damages"— is an attempt to circumvent the admiralty rule against pleading set-offs. Conceding *arguendo* the existence of such a general rule, respondent submits the following seven-branched contention:

(1) that it has a dominant power to apply set-offs by virtue of 31 U.S.C.A. §§ 71 and 227, and regulations of the Comptroller General issued under 5 U.S.

C.A. § 22, and 31 U.S.C.A. §§ 49 and 52 (f);

(2) that such governmental power supersedes the normal admiralty rule against pleading set-offs;

(3) that respondent's cargo claims and the provisions in the bills of lading covering such cargoes were conditioned and controlled by respondent's paramount and general power to avail itself of set-offs;

(4) that, since such power exists as a matter of statutory and administrative law, such law must be deemed to have been incorporated by the parties as a term of the contracts, i. e., the bills of lading, upon which libelant has brought suit;

(5) that, by virtue of such incorporation, respondent's interposition of its set-offs is merely the assertion of a power that was, by legal operation, deemed to be a term of the contracts sued upon;

(6) that, therefore, respondent's cargo claims, while appearing to be set-offs, are not set-offs; and

(7) that, since the cargo claims are not set-offs, they can properly be pleaded by way of defense.

This labyrinthine argument is an attempt "to pile a fiction upon a fiction." 3 Williston on Contracts (Rev.Ed.1936), section 615.

■■ Nothing in 31 U.S.C.A. §§ 71 and 227 indicates an intention to interfere with the established rule of admiralty litigation. When the Government enters into purely commercial contracts, it is on the same footing as any other contracting party. Cooke v. United States, 1875, 91 U.S. 389, 23 L.Ed. 237; Lynch v. United States, 1934, 292 U.S. 571, 579, 54 S.Ct. 840, 78 L.Ed. 1434; Hollerbach v. United States, 1914, 233 U.S. 165, 171, 34 S.Ct. 553, 58 L.Ed. 898; Suits in Admiralty Act, § 3, 46 U.S.C.A. § 743.

The exceptions and exceptive allegations are sustained; and the motion for a decree *pro confesso* on the pleadings is granted.