**UNITED STATES of America, Plaintiff,**

v.

**FRAMEN STEEL SUPPLY COMPANY, Defendant.**

**No. 76 Civ. 1513.**

United States District Court, S. D. New York.

July 12, 1977.

18. Apparently this section was not codified. *See* notes to 43 U.S.C. § 1601.

682

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for the United States; Thomas E. Moseley, Asst. U. S. Atty., New York City, of counsel.

Bass, Ullman & Lustigman, New York City, for defendant.

## OPINION

GAGLIARDI, District Judge.

The United States commenced this action on March 31, 1976, on behalf of the Agency for International Development ("AID") against defendant Framen Steel Supply Co. ("Framen") to recover damages for breach of certain AID supplier's certificates entered into between the parties. Jurisdiction is based upon 28 U.S.C. § 1345. Framen moves to dismiss the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. or, in the alternative, for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on the grounds that plaintiff's cause of action is barred by the applicable statute of limitations. No matters outside the pleadings having been presented, the court treats the motion as a motion to dismiss under Rule 12(b)(6).

The AID supplier's certificates in question specifically provide in paragraph 14 that:

> The agreement incorporated herein shall be deemed to be a contract made under the laws of the District of Columbia, U. S. A., and shall be governed by and construed in accordance with such laws.

Defendant contends that the contract in question is a contract for the sale of goods governed by Article 2 of the District of Columbia Uniform Commercial Code ("UCC"). *See* 28 D.C.Code §§ 2–105(1) & 2–106(1). Under the District of Columbia UCC, defendant further argues that 28 D.C. Code § 2–725, which provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued", must be applied to preclude plaintiff's action as untimely.

Plaintiff contends that for two reasons the action is governed by the six-year statute of limitations in 28 U.S.C. § 2415 and is timely. First, plaintiff argues that even if Article 2 of the UCC applies to these contracts, the four-year limitation in 28 D.C. Code § 2–725 does not apply to this action

by the United States. Plaintiff alternatively asserts that this contract is not for the sale of goods and is not governed by Article 2 of the UCC and 28 D.C.Code § 2–725.

■ This court finds plaintiff's first argument unconvincing. If Article 2 of the UCC were to apply to this contract, this court would have to apply the four-year limitation period in 28 D.C.Code § 2–725. 28 U.S.C. § 2415's six-year statute of limitations applies to all contract actions by the United States "except as otherwise provided by Congress." Congress provided otherwise by adopting the UCC, 77 Stat. 630 (1963), and 12 D.C.Code § 308, 77 Stat. 511 (1963), for the District of Columbia. Prior to the passage of 12 D.C.Code § 308, the statutes of limitations provided in the D.C. Code did "not apply to any case in which the United States [was] the real and not merely the nominal plaintiff." 31 Stat. 1389 (1901); *see United States v. Washington Loan & Trust Co.,* 47 F.Supp. 25, 26 (D.D.C.1942), *aff'd,* 77 U.S.App.D.C. 284, 134 F.2d 59 (1943). The passage of 12 D.C. Code § 308 [1] limited those cases in which the United States was exempt from the D.C.Code's statutes of limitations. In enacting the UCC for the District of Columbia, Congress did not provide a statute of limitations exemption for the United States for contracts governed by Article 2 of the UCC. As a result, Congress provided that the four-year limitation period in 28 D.C. Code § 2–725 would apply to contract actions by the United States that are governed by District of Columbia UCC law.

■ The form contract in this case supplied by AID specifically provides that it shall be governed and construed in accordance with the laws of the District of Columbia. This court recognizes that the United States as a party can adopt a contractual statute of limitations other than that specified in 28 U.S.C. § 2415(a). *See United States v. Gulf Puerto Rico Lines, Inc.,* 492 F.2d 1249, 1251–52 (1st Cir. 1974); *United States v. Chicago, R. I. & P. R. Co.,* 200 F.2d

---

1. 12 D.C.Code § 308 provides:
   Sections 12–301, 12–302, 12–305 and 12–307 do not apply to an action in which the United States is the real and not merely the nominal plaintiff.

263 (5th Cir. 1952); *United States v. Seaboard Air Line Ry.,* 22 F.2d 113 (4th Cir. 1927); *Grace Line, Inc. v. United States,* 144 F.Supp. 548, 550 (S.D.N.Y.1956), *aff'd,* 255 F.2d 810 (2d Cir. 1958); *but cf. United States v. Yale Transport Corp.,* 184 F.Supp. 42, 45–46 n. 13 (S.D.N.Y.1960). As such, AID has authority to adopt the D.C.Code and specifically § 2–725 as governing law in its contracts. Congress by adopting Article 2 of the UCC for the District of Columbia without exempting the United States from 28 D.C.Code § 2–725 was expressly applying a four-year statute of limitations for United States contracts governed by Article 2 of the District of Columbia UCC. *Cf. United States· v. Wegemetic Corp.,* 360 F.2d 674, 676 (2d Cir. 1966).

■ However, analyzing plaintiff's second argument, it is this court's conclusion that plaintiff's contract is not governed by Article 2 of the District of Columbia UCC and the statute of limitations contained therein. Instead, the court must look to 12 D.C.Code § 301(7) which provides a statute of limitations "on a simple contract, express or implied [of] three years." This section standing alone would bar plaintiff's action as untimely. However, 12 D.C. Code § 308 specifies that the three-year limitation period of § 301(7) does not apply "to an action in which the United States is the real and not merely the nominal plaintiff." As a result, in this action brought by the United States the only applicable statute of limitations is the six-year limitation period for government suits on contracts prescribed by 28 U.S.C. § 2415(a).[2] *United States v. Emons Industries, Inc.,* 406 F.Supp. 355, 358–59 (S.D.N.Y.1976). If the six-year statute of limitations is applicable, defendant concedes that this action was timely instituted.

The court must examine the whole transaction between the parties in order to understand the nature of their contract and determine the nonapplicability of Article 2 of the UCC. According to the allegations in plaintiff's complaint, which for the purposes of this motion must be accepted as true, AID is an instrumentality of the United States and has responsibility for the administration of the Foreign Assistance Act of 1961, as amended, 22 U.S.C. § 2151, *et seq.* As part of this responsibility, AID entered into a loan agreement with the Government of India to provide loan funds for the financing of commodity purchases by Indian nationals from suppliers in the United States. In 1969 the Government of India issued import licenses to certain Indian companies ("the importers") authorizing them to purchase steel products from American suppliers with the purchase price to be financed by AID under its loan agreement with the Government of India. In 1969 the importers entered into a steel supply agreement with Framen arranging through a bank in India for letters of credit to be issued by certain American banks in favor of Framen. AID then issued letters of commitment to these American banks to reimburse them for all payments which they would make pursuant to their letters of credit to Framen.

To obtain payments under the letters of credit for the shipments, Framen executed form supplier's certificates provided by AID, AID Form 282, 22 C.F.R. § 201, Appendix A (1969), covering Framen's shipments of steel products to the importers. After presentation of the executed supplier's certificates to the designated American banks, Framen was paid by those banks who were then reimbursed by AID. In its supplier's certificates Framen agreed to make an appropriate refund to AID if it failed to perform its agreement with the

---

**2.** 28 U.S.C. § 2415 provides in pertinent part:
Time for commencing actions brought by the United States
(a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later . . . .

importers. The United States in this action seeks such a refund, alleging that Framen delivered non-conforming steel to the importers.

■ The contracts the United States sues on in this action are the supplier's certificates entered into between AID and Framen. The certificates create separate and independent causes of action in favor of the government. *United States v. Waterman Steamship Corp.*, 471 F.2d 186, 188 (5th Cir. 1973); *United States v. Emons Industries, Inc.*, 406 F.Supp. 355, 357 (S.D.N.Y.1976). These supplier's certificates, however, are not contracts for the sale of goods governed by Article 2 of the UCC. 28 D.C.Code § 2–106(1) defines "sale" as "the passing of title from the seller to the buyer for a price" and "contract for sale" as including "both a present sale of goods and a contract to sell goods at a future time." Implicit in these definitions is the existence of a buyer-seller relationship, a consideration that has or must be given and title to a specific *res* that will be or is passed from the seller to the buyer. Williston on Sales, § 5–3 at 98–99 (4th Ed. 1973).

■ Under the contract Framen sold no goods to AID nor did it enter into an agreement to sell goods to AID. Instead the supplier's certificates embodied a separate financing agreement between Framen and AID [3] which when executed and presented to the American banks allowed Framen to procure payment. In exchange Framen made certain promises to AID including a promise to make an appropriate refund to AID if Framen did not perform its contract with the importers. AID and Framen are not in a buyer-seller relationship and no title to a specific *res* passed under the contract. Article 2 of the UCC does not apply to contracts by which the parties may obtain the financing to buy or sell goods even when these financing contracts bear some relationship to a separate contract for the sale of goods. *See United States v. Emons Industries, Inc., supra;* *Harris Trust and Savings Bank v. McCray*, 21 Ill.App.3d 605,

316 N.E.2d 209 (1974); *DeMatteo v. White*, 233 Pa.Super. 339, 336 A.2d 355, 358 (1975); *see generally* Bender's U.C.C. Service, Dusenberg & King, Sales and Bulk Transfers § 1.03[4] (1977). More specifically, the statute of limitations provision of Article 2 of the District of Columbia UCC, 28 D.C.Code § 2–725, which by its terms is expressly limited to "any contract for sale" cannot be expansively applied to the AID-Framen financing contract in this case. *See Mays v. Citizens & Southern National Bank*, 132 Ga.App. 602, 208 S.E.2d 614 (1974); *Bona v. Graefe*, 264 Md. 69, 285 A.2d 607 (1972) (both cases limit the scope of UCC warranty provisions that expressly refer to sales contracts).

As a result, this court must apply the six-year limitation period provided in 28 U.S.C. § 2415 for contract suits by the United States. Accordingly, defendant's motion to dismiss is denied.

So Ordered.

**3.** The AID supplier's certificates are regulated by 22 CFR § 201—"Rules and Procedures Applicable to Commodity Transactions Financed by AID".