## MOORE & McCORMACK CO., Inc., v. VALLEY CAMP COAL CO.

Circuit Court of Appeals, Fourth Circuit. January 14, 1930.

No. 2855.

George W. P. Whip, of Baltimore, Md. (Lord & Whip, of Baltimore, Md., on the brief), for appellant.

Robert W. Williams, of Baltimore, Md. (Janney, Ober, Slingluff & Williams, of Baltimore, Md., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

NORTHCOTT, Circuit Judge. Appellant is owner of steamship Ansonia, and the controversy in this case arose over the charter hire of that steamship for two consecutive voyages from Baltimore to Bangor, Me., carrying coal. After making one round trip the Ansonia was laid up for repairs, having been damaged, according to the contention of appellant, because of the fact that no safe berth was provided for her at Bangor. By agreement of parties the steamship Annie Murphy was secured from her owners by appellant and substituted for the Ansonia on the second voyage. On arriving at Fort Point, at the mouth of the Penobscot river, the master of the Annie Murphy declined to proceed any further toward Bangor, because no safe berth was provided, and the Annie Murphy cargo was discharged at Searsport, Me., about 20 miles from Bangor. A controversy then arose between appellant company and the charterer of the steamships, Valley Coal Company, as to the amount due.

On May 26, 1927, appellee sent appellant a statement setting out his claim of $2,782.82 as an offset against the freight, amounting to $4,714.16, leaving the balance, admitted to be due to appellant by appellee, of $1,931.34. A check for this latter amount was inclosed, on which check was printed, "In full payment of account as shown in statement on reverse side of this voucher." The account on the reverse side of the voucher, however, showed that the amount of the check was merely the admitted difference between the amount due for freight and the claim of appellee for damages. In a letter of the same date, inclosing the account and check, the statement is made that, "Check to balance the account is also herewith enclosed." But the letter contains no statement that the check is tendered upon condition that it be accepted as payment in full, or any intimation that appellee was seeking an accord and satisfaction of the amount in controversy.

On the following day, May 27th, Moore & McCormack replied to the Valley Camp Coal Company, acknowledging the letter of May 26th, and saying:

"We have yours of May 26th, contents of which we are passing along to the owners of the Annie Murphy together with your claim in the amount of $2,782.82.

"Meantime, we must accept *your check as on account, and without prejudice to our rights*. If this is not acceptable to you will thank you to immediately stop payment on the check, otherwise we must consider the foregoing acceptance in order.

"Of course, should owners decline to pay the claim, and it is found the deductions made are improper, we hold you responsible for any and all interest charges and any damages we may suffer."

Moore & McCormack deposited the check in its bank, on May 28, 1927, and it was paid at the bank of the Valley Camp Coal Company, in Cleveland, Ohio, on May 31, 1927. A holiday and Sunday having intervened, the Valley Camp Coal Company received Moore & McCormack's letter of May 27th on May 31st, the same day the check was paid by the bank in Cleveland.

Appellee made no effort to stop payment of check as suggested in Moore & McCormack's letter of May 27th. On June 3, 1927, appellee wrote Moore & McCormack acknowledging receipt of the letter of May 27th, and reiterated the position taken in their former letter of May 26, 1927.

On July 20, 1927, appellant filed its libel in the District Court of the United States for the District of Maryland, claiming balance due for freight of $2,782.82. Appellee filed its answer, setting up its claim for damages, and also claiming that by reason of the acceptance of its check there was complete accord and satisfaction of the account of the appellant.

To this defense of accord and satisfaction libelant excepted, and on the hearing the court below overruled said exception and held the defense of accord and satisfaction valid, from which interlocutory decree this appeal was taken.

▮▮▮ The sole question presented here is whether the receipt and use of the check, under *conditions shown to exist*, constituted accord and satisfaction. We do not think it did. Had the coal company stopped payment on the check which it evidently could have done, as it received the letter of appellant on the same day the bank paid the check, there would have, of course, been no claim of accord and satisfaction. This the appellant requested the coal company to do upon the receipt of notice to the effect that the appellant was not willing to accept the check as payment in full.

The United States Supreme Court has laid down the rule that accord and satisfaction require the voluntary assent of the creditor.

"It is said to be an accord and satisfaction. But this requires the voluntary assent of the creditor, which in this case was not given." Harvey P. Wilmot v. Enoch R. Mudge, 103 U. S. 217, 219, 26 L. Ed. 536.

The assent of the creditor in this case certainly was not given to the arrangement suggested by the coal company.

The proposition of the coal company to accept the check in full settlement was in no sense a compromise, because the coal company was paying no part of the disputed amount, but was only paying a sum that it admittedly owed.

"Payment by a debtor of a part of his debt is not a satisfaction of the whole, *except it be made and accepted upon some new consideration*." United States v. Bostwick, 94 U. S. 53, 67, 24 L. Ed. 65.

"To constitute a valid agreement there must be a meeting of minds upon every feature and element of such agreement, of which the consideration is one." Fire Insurance Association, Limited, v. John W. Wickham, Jr., 141 U. S. 564, 12 S. Ct. 84, 88, 35 L. Ed. 860.

Certainly, in this case, there was never any meeting of the minds of the parties. Had appellant accepted and used the check, making no condition, a different situation might be presented; but it did not do so.

We are of the opinion that the learned judge below erred in overruling the exceptions to the defense of accord and satisfaction. There is grave doubt, however, as to whether an appeal lay from his action in so doing. See H. Lissner & Co., Inc., v. Oceanic Steam Navigation Co. (C. C. A. 2d) 30 F. (2d) 290. The Act of April 3, 1926 (44 Stat. 233 [28 USCA § 227]) provides for appeals from interlocutory decrees "determining the rights and liabilities of the parties"; but an order overruling exceptions to a pleading determines, not the rights and liabilities of the parties, but the sufficiency of the pleading. The point has not been raised by counsel, however, and there is no question but that the rights of the parties are dependent upon the interpretation of the correspondence, which is admitted to be correctly

set forth in the answer. Because of these circumstances we have passed upon the question involved; but our action in so doing is not to be taken as a precedent for entertaining appeals from orders sustaining or overruling exceptions to a pleading in ordinary cases. For the reason stated, the cause is remanded to the court below for further proceedings not inconsistent with the view herein expressed.

Reversed.