**The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant,**

v.

**THE Tank Steamer FORT FETTERMAN, her engines, boilers, tackle, equipment, appurtenances, etc. and Chas. Kurz & Co., Inc., as owner of The Tank Steamer Fort Fetterman, Appellees.**

**No. 7211.**

United States Court of Appeals
Fourth Circuit.

Argued June 19, 1956.

Decided Aug. 8, 1956.

Huger Sinkler and Charles H. Gibbs, Charleston, S. C. (T. C. Callison, Atty. Gen., of South Carolina, and Sinkler, Gibbs & Simmons, Charleston, S. C., on the brief), for appellant.

Charles W. Waring, Charleston, S. C. (Waring & Brockinton, Charleston, S. C., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and PRETTYMAN, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order refusing to strike out a cross libel in a suit in admiralty filed by the South Carolina State Highway Department, an agency of the State of South Carolina, against the tank steamer Fort Fetterman to recover damages arising out of a collision of that vessel with a bridge maintained by the Highway Department over a navigable stream in the State of South Carolina. The libel alleged negligence on the part of the vessel and asked a recovery of damages in the sum of $250,000 on account of the collision. The vessel and its owners, in addition to filing an answer denying negligence on its part, filed a cross libel alleging negligence in the operation of the bridge and asking a recovery of damages in the sum of $175,000 on account of the collision. Motion was made to strike the cross bill on the ground that, under the provisions of the Eleventh Amendment to the Constitution of the United States, the State of South Carolina could not be sued in the federal courts without its consent and that it had not given its consent to the suit embodied in the cross bill. The District Judge denied the motion on the ground that the state had consented to the suit by itself filing the suit in admiralty, which brought the whole subject matter of the collision before the court for adjudication, relying for this position upon the decisions in United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; Luckenbach S. S. Co. v. The Thekla, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313 and Port Royal & Augusta Ry. Co. v. State of South Carolina, C.C., 60 F. 552.

We need not go into the merits of the question raised as to whether the filing of the libel by the State of South Carolina amounted to a consent to suit, for we think it clear that the appeal is premature and must be dismissed. The statute regulating interlocutory appeals in admiralty, 28 U.S.C. § 1292(3), is as follows:

"§ 1292. Interlocutory decisions

\* \* \* \* \* \*

"(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed".

The order appealed from is one refusing to strike out a pleading, not one "determining the rights and liabilities of the parties". Its effect is to permit the owners of the vessel to offer proof in support of the allegations of the cross libel, which may or may not result in establishing a right to a recovery or a division of damages on account of the collision. In point is the decision in The Maria, 2 Cir., 67 F.2d 571, in which appeal was taken from an order denying a motion to dismiss for lack of jurisdiction. In dismissing the appeal the court said:

"The decree did not determine 'the rights and liabilities of the parties' within the meaning of the Act of April 3, 1926 (44 Stat. 233 [28 U.S. C.A. § 227]), extending our appellate jurisdiction. That statute was primarily intended to avoid the expense and delay of a reference to compute damages, since it is always possible

that the libelant may later turn out to have no right to recover at all; and, although it would perhaps be too much to say that it covers that situation alone, it is hard to imagine other instances. Be that as it may, it is clear that here not all of the 'merits' have yet been decided, by which we mean those issues on which liability, as distinguished from its amount, may depend finally. Whenever a demurrer is overruled, a successful appeal will terminate the suit, unless the pleading be amended. The reason for denying the appeal, when the case is in that posture, is that, if the decision prove to be right, a second appeal may be necessary. So here, if these decrees should be affirmed, the case would not be at an end, for on the merits the Maria's seaworthiness would be material, and it is in dispute. 'The rights and liabilities of the parties' are therefore fixed only on the hypothesis that the ruling was wrong, and that cannot be ascertained while the appeal is pending. Thus the question must be begged on which the existence of our jurisdiction turns."

In Bowker v. United States, 186 U.S. 35, 22 S.Ct. 802, 805, 46 L.Ed. 1090, the Supreme Court dealt with an appeal from an order dismissing a cross libel filed in a suit brought by the United States in a collision case. In dismissing the appeal on the ground that it was not from a final judgment, the Supreme Court pointed out that the cross libel introduced no new matter into the suit but should be heard and disposed of with the original libel by one decree. The court said:

"The cross libel and the answer to the libel were consistent, the subject-matter of the libel and the cross libel was the same, and the latter, in no proper sense, introduced new and distinct matters. The cross libel occupied the same position as a cross bill in equity, and the general rule is that the original bill and the cross bill should be heard together and disposed of by one decree, although, where the cross bill asks affirmative relief, and is therefore not a pure cross bill, the dismissal of the original bill may not dispose of the cross bill, which may be retained for a complete determination of the cause. Holgate v. Eaton, 116 U.S. 33, 6 S.Ct. 224, 29 L.Ed. 538, illustrates this. There the bill and cross bill were heard together, and it was held that the original bill must be dismissed, but that relief might be accorded on the cross bill. The cross bill was not filed merely as a means of defense, but of obtaining affirmative relief, and the defeat of the bill sustained the disposition of the cause on the cross bill. Such might be the result here if it turned out on the hearing that the Azalea was in fault, and not the schooner, provided jurisdiction could be maintained to award relief against the United States. But in any point of view, the decree on the cross libel did not so finally dispose of the whole case as to entitle us to take jurisdiction under section 5 of the act of 1891."

Appellant relies upon our decision in Moore & McCormack Co. v. Valley Camp Coal Co., 4 Cir., 37 F.2d 308, 310, in which we entertained an appeal from an interlocutory order in admiralty overruling an exception to a defense of accord and satisfaction. In that case, however, the facts were before us as fully as if the case had been decided on the merits, the point as to the appealability of the order was not raised by counsel and, in raising it ourselves, we stated that there was grave doubt as to whether appeal lay and that our action in passing upon the questions presented to us "is not to be taken as a precedent for entertaining appeals from orders sustaining or overruling exceptions to a pleading in ordinary cases". As said in The Maria, supra, "We do not treat it as such."

In dismissing the appeal we do no more than sustain the policy against fragmentary appeals taken for the pur-

pose of trying in advance important questions in a case. If we were to entertain the present appeal and pass upon the question presented, the District Court would nevertheless have to decide the questions of liability arising out of the collision and another appeal would lie from the decree finally entered. On the other hand, if we dismiss the appeal and the bridge should be absolved from fault by the trial court, the questions we are now asked to decide would become moot. The District Court must pass upon the questions raised with respect to the collision, in any event; and if the State of South Carolina is aggrieved by any decree entered it can obtain full relief by appeal to this court and can raise upon such appeal and have considered by this court the questions which it now seeks to raise by its premature appeal.

Appeal dismissed.